No. 25,685.

JOSEPH A. BURKHARDT, *Appellant,* v. THE GARDEN CITY SUGAR AND LAND COMPANY et al., *Appellees.*

#### SYLLABUS BY THE COURT.

1. CONSPIRACY—*Evidence—Sufficiency.* There was sufficient evidence to compel its submission to the jury. (*Yates v. Sugar and Land Co. et al.,* 117 Kan. 405, 231 Pac. 1034, followed.)

2. FRAUD—*Evidence—Admissibility.* Where the owner of land makes another his agent for the sale thereof, and the agent through a complicated system of contracts authorizes others to sell the land, and a sale is made by one of the latter practicing fraud on a purchaser, the acts and declarations of each from the owner to the person who made the sale may be introduced in evidence for the purpose of showing that each participated in or was benefited by the fraud.

3. SAME—*Parties—Trustees of Party Charged With Fraud.* It was error to dismiss the action as to J. Stewart and F. A. Gillespie, trustees of the Garden City Development Company, they having been substituted as defendants in place of that company, which had forfeited its charter by its failure to pay fees and make reports as required by law, and which had been summoned but which had failed to answer or otherwise appear in the action.

Appeal from Scott district court; ROSCOE H. WILSON, judge. Opinion filed July 11, 1925. Reversed.

*John L. Nesbit,* of Franklin, Pa., *William H. Thompson, Elbridge G. Wilson* and *Wilbert F. Thompson,* all of Tulsa, Okla., for the appellant.

*William Easton Hutchison, C. R. Hope, A. M. Fleming, R. W. Hoskinson, R. S. Field,* all of Garden City, and *James H. Rothrock,* of Colorado Springs, Colo., for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover damages sustained by him on account of fraud practiced on him in the purchase of real property owned by the Garden City Sugar and Land Company. A jury was impaneled and the plaintiff introduced his evidence. The Garden City Sugar and Land Company, The Garden City Company, and The Garden City Land and Immigration Company each demurred to the evidence of the plaintiff. The demurrers were sustained and judgment was rendered in favor of those defendants. The plaintiff appeals.

1. Conspiracy, 12 C. J. § 234.    2. Id., 12 C. J. § 227.    3. Id., 12 C. J. § 259.

1. Should the demurrers have been sustained? This action is one that grew out of transactions described in *Yates v. Sugar and Land Co. et al.*, 117 Kan. 405. There judgment was rendered in favor of the defendants on their demurrers to the evidence of the plaintiff. That judgment was reversed by this court. On the trial of the present action there was evidence which tended to show that the Garden City Sugar and Land Company, a corporation, owned large tracts of land, including a quarter section purchased by the plaintiff; that an exclusive contract of agency was entered into between the Garden City Sugar and Land Company and the Garden City Land and Immigration Company by which the latter company was authorized to sell the land owned by the former company, including the land sold the plaintiff; that the contract between the Garden City Sugar and Land Company and the Garden City Land and Immigration Company was concurred in by the Garden City Development Company; that afterward through a complicated system of contracts between the Garden City Land and Immigration Company, the Fidelity Farm Loans Company, the Alfalfa Lands Company, and Francis C. McCarty, the last-named person was authorized to sell the lands, including that purchased by the plaintiff; that McCarty sold a quarter section of land to the plaintiff; that McCarty and his agents made many false representations to the plaintiff concerning the land he purchased; that those representations were relied on; that the plaintiff purchased the land believing those representations to be true; and that each of the defendants was so intimately connected with all the transactions as to make the representations of Francis C. McCarty the representations of each and all of them. It is unnecessary to state what those false representations were, and it is unnecessary to set out the evidence which tends to show that the representations of McCarty and his agents were those of each and every one of the defendants. There were optional features in the contract between the Garden City Sugar and Land Company and the Garden City Land and Immigration Company, but those features did not affect the agency contract. The Garden City Sugar and Land Company was the recipient of a part of the benefits received by the fraud practiced by Francis C. McCarty and his agents. The evidence tended to prove a much stronger case against the defendants than the evidence proved in *Yates v. Sugar and Land Co. et al.*, 117 Kan. 405, 231 Pac. 1034.

Under the authority of that case, the demurrers should have been overruled and the evidence should have been submitted to the jury.

2. The plaintiff complains of the exclusion of evidence. On another trial, after showing the complicated arrangements by which Francis C. McCarty was finally authorized to sell the lands of the Garden City Sugar and Land Company, all evidence should be received which in any way tends to show the connection of any of the defendants with those transactions, which tends to explain the relation of any of the defendants thereto, or which tends to show any misrepresentation made by any of the defendants or Francis C. McCarty to bring about the sale of any of the land. Whatever evidence may be offered to connect each of the defendants with this transaction or to show that fraud was practiced on the plaintiff should be admitted. A detailed examination of each of the items of evidence about which complaint is made is unnecessary.

3. Complaint is made of the refusal of the court to render judgment by default against J. Stewart, vice president, and F. A. Gillespie, secretary and treasurer of the Garden City Development Company, as trustees for the company. That company did not appear or answer in the action. It had forfeited its charter by failure to pay fees and make reports as required by law, and J. Stewart and F. A. Gillespie as trustees were substituted as defendants for the Garden City Development Company. As to those defendants a jury was waived and the cause was submitted to the court. The plaintiff requested judgment against them by default on the evidence introduced, which the court denied. The action was then dismissed as to them. Judgment was not asked against them personally, but was asked against them in their capacity as trustees of the Garden City Development Company. That company, under the evidence, was a party to the transactions out of which grew the fraud practiced on the plaintiff. If that company had appeared and contested, and had demurred to the evidence as other defendants did, that demurrer should have been overruled. The funds in the hands of the trustees belong to the company and must be used for the payment of the obligations of the company. It was error to dismiss the action as to them.

The judgment is reversed, and a new trial is directed.

Hopkins, J., not sitting.